```
ADAM GORDON
United States Attorney
TYLER J. BRAMLET
Assistant United States Attorney
New York Bar No. 5772538
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-9619
Tyler.Bramlet@usdoj.gov

Attorneys for Plaintiff
United States of America
```

**FILED**
OCT 22 2025
Clerk, U.S. District Court
Southern District of California
By_____ Deputy

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-04059-WQH |
| Plaintiff, | 25MJ5212 |
| v. | **PLEA AGREEMENT** |
| JAIME ROMERO SOLANO (5), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Tyler J. Bramlet, Assistant United States Attorney, and defendant, JAIME ROMERO SOLANO, with the advice and consent of Kris J. Kraus, counsel for defendant, as follows:

//
//
//
//
//
//
//

TJB:lml:10/6/2025

Def. Initials

# I

# THE PLEA

### A. THE CHARGE

Defendant agrees to waive Indictment and plead guilty to Count Sixteen of a seventeen-count Information charging defendant with:

> On or about September 22, 2025, outside of the jurisdiction of any particular district, defendant JAIME ROMERO SOLANO, an alien and who was first brought to the Southern District of California, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers, and committed an overt act, namely, boarding a vessel in Mexico headed to the United States, that was a substantial step toward committing the offense; all in violation of Title 8, United States Code, Section 1325(a)(1), a misdemeanor.

### B. PARTIES' AGREEMENT AS TO FILINGS

In contemplation of this plea agreement, defendant agrees not to file or argue any substantive motions, including those described in Fed. R. Crim. P. 12. Defendant shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless defendant has entered a guilty plea in open Court.

### C. DISMISSAL OF THE REMAINING COUNTS

The Government agrees to: (1) move to dismiss the remaining counts without prejudice when defendant is sentenced; and (2) not prosecute defendant thereafter on such dismissed charge(s) unless defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

//
//
//
//

Def. Initials JRS
CR

## II

## **NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. Defendant was an alien at the time of defendant's attempted entry into the United States;

2. Defendant had the specific intent to enter the United States at a time or place other than as designated by immigration officers;

3. Defendant also had the specific intent, i.e., the conscious desire, to enter the United States free from official restraint, meaning defendant intended to enter without being detected, apprehended, or taken into custody by government authorities so defendant could roam freely in the United States; and

4. Defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

B. ELEMENTS UNDERSTOOD AND ADMITTED FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. At the time of the offense, defendant was not a citizen or national of the United States. Defendant is a citizen of Mexico.

2. On or about September 22, 2025, defendant, an alien, intended to enter the United States at a place other than a designated port of entry, and intended to enter the United States without being detected, apprehended, or taken into custody by government authorities. Defendant boarded a vessel in Mexico headed to the United States was found approximately 18 nautical miles west of Point Loma and 9.24 nautical miles north of the International Boundary Line. On apprehension, defendant was brought to the Southern District of California.

//
//

Def. Initials JPS
_____CR_____

## III

## **PENALTIES**

The crime to which defendant is pleading guilty carries the following penalties:

 A. A maximum 6 months in prison;

 B. A maximum $5,000 fine; and

 C. A mandatory special assessment of $10 per count.

## IV

## **DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

 A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

 B. A speedy and public trial;

 C. The assistance of counsel at all stages of trial;

 D. Confront and cross-examine adverse witnesses;

 E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

 F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future.

//
//
//

4

Def. Initials JRs
____CR____

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

//

Def. Initials JRS
___CR___

C.  No one has threatened defendant or defendant's family to induce this guilty plea; and

D.  Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the parties agree that, because the offense to which defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties'

Def. Initials JRS
CR

sentencing recommendations, defendant will not withdraw the plea. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

The United States Sentencing Guidelines do not apply to a Class B Misdemeanor.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

C. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties jointly recommend one year of probation pursuant to 18 U.S.C. § 3561 with an imposed condition under 18 U.S.C. § 3563(b)(22) that, if defendant is removed, returned or expelled from the United States to defendant's country of origin or a third country, defendant is not to reenter the United States illegally and must report to the probation officer within 24 hours of any reentry to the United States with probation waived upon removal, return or expulsion.

The parties agree to recommend immediate sentencing upon specific findings by the Court that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553 without a presentence investigation report. Defendant understands further that the sentence cannot be determined until a rap sheet is prepared by the Government. **Defendant agrees to request that a**

**rap sheet be prepared.** The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

### D. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $10 per count of conviction, to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made

Def. Initials JRS
CR

to any court, and if later made to a Court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.    Failing to appear in Court;

    D.    Attempting to withdraw the plea;

    E.    Failing to abide by any Court order related to this case;

    F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement, (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

//

Def. Initials JBS
CR

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

Def. Initials JRS
CR

**XV**

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

10/14/2025
DATED

*Tyler J. Bramlet*
TYLER J. BRAMLET
Assistant U.S. Attorney

10/14/25
DATED

KRIS J. KRAUS
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

10/14/25
DATED

JAIME ROMERO SOLANO
Defendant

Approved by:

/s/ David Fawcett
DAVID FAWCETT
Assistant U.S. Attorney

Rev. 5/18/2025 def

11

Def. Initials JRS
___CR___